# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

THOMAS P. LEACH, JR.,

:

    Petitioner,                                           Case No. 1:09-cv-116

:                   Chief Judge Susan J. Dlott
   -vs-                                             Magistrate Judge Michael R. Merz

WARDEN, Hocking Correctional Facility,

:

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 27) to the Magistrate Judge's Report and Recommendations, denying an evidentiary hearing and recommending the Petition be dismissed with prejudice (Doc. No. 23). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

### Evidentiary Hearing

Petitioner sought an evidentiary hearing to show actual innocence so as to avoid any procedural default defense raised by the State. The state did indeed raise such a defense as to Ground for Relief Six, Seven, and Eight and the Magistrate Judge recommended sustaining that defense (Report and Recommendations, Doc. No. 23, PageID 1015). The Magistrate Judge denied

-1-

the request for evidentiary hearing because Petitioner's attempted showing of actual innocence consisted of completely conclusory allegations. *Id.* PageID 1010.

In an attempt to remedy this finding, Petitioner asserts his new evidence consists of the following:

> A. A special witness will testify that one of the alleged victims told the witness: "the Petitioner never did anything, but tell them to leave."
>
> B. An officer of the court will testify that the "special witness" repeated the same statement shortly thereafter directly to him.
>
> C. The trial attorney Geoffrey Pittman will testify there was no evidence whatsoever. That Judge Helmick denied Petitioner's Motion for (Speedy Trial) Dismissal based on incontrovertible evidence that the State had exceeded the limits by 40+ days (Filed 1-15-2002, referenced at T.T.P. 25-36). That Judge Helmick, a journeyman jurist, permitted the Prosecutor Lisa Metz to maraud without restraint in violation of Petitioner's constitutional rights leading to subsequent reversal on appeal. Ms. Metz was employed by then Hamilton County Prosecutor Michael Allen who resigned from office shortly after Petitioner's trial for a number of improprieties while Prosecutor.
>
> D. A Hamilton County clerk will testify that after the subtraction for Petitioner's related time extensions the County had essentially lost jurisdiction because of a Speedy Trial violation of some 40+ days. The witness will confirm that Judge West's bailiff (Hamilton County Common Pleas) had been manipulating trial dates for compensation over many years and may have been a contributing cause of Petitioner's lengthy delay. The same witness will testify that trial date manipulation was systemic and winked at by Michael Allen and

> minions. If the Sixth Amendment and Ohio's Revised Code 2945.71, 2945.72 and 2945.73 had been rigorously adhered to the Petitioner's January 15, 2002 Motion to Dismiss would have been granted. See BARKER v. WINGO (1972) 407 US 514 at page 522 ("dismissal the only possible remedy for the deprivation of the right to a speedy trial"): MOORE v. ARIZONA(1975) 94 S.Ct. 188.
>
> E. A Cardiologist will testify that Petitioner suffered from acute exhaustion after the stresses of his arrest and incarceration leading to the installation of a "pacemaker" to maintain heart function. Petitioner may have been remiss in the maintenance of his procedural integrity, however, Petitioner was emotionally compromised and physically handicapped by exhaustion leaving him confined to his cell unable to function due to oxygen deprivation. It would be reasonable for the Court to disregard the Respondent's assertions of default considering the irrefutable facts concerning Petitioner's cardiac impairments.

(Objections, Doc. No. 27, PageID 1025-1026.)

This projected evidence would not establish Mr. Leach's actual innocence and thus would not be admissible at an evidentiary hearing. First of all, except for Mr. Pittman, none of the witnesses is actually identified, nor has any of them submitted an affidavit to show what they would testify to. Secondly, the testimony by the unidentified "special witness" and unidentified "officer of the court" is inadmissible hearsay.

If Petitioner is suggesting that Mr. Pittman would testify that "there was no evidence whatsoever" to support the charges, he would not be permitted to offer that opinion. Whether there was evidence or not is a matter of record. In fact, in denying Petitioner's Fourth Ground for Relief under *Jackson v.Virginia*, 443 U.S. 307 (1979), the Magistrate Judge has already concluded that there is sufficient evidence of record to uphold the conviction.

If Petitioner is suggesting instead that Mr. Pittman would testify that the speedy trial motion was based on "incontrovertible evidence," that testimony and the testimony intended to come from

a Hamilton County clerk about manipulation of the speedy trial system is also not admissible to prove actual innocence. As noted in the Report and Recommendations, "actual innocence" within the meaning of *Schlup v. Delo*, 513 U.S. 298 (1995), is factual innocence, not legal innocence. (Report and Recommendations, Doc. No. 23, PageID 1009, citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). Finally, the testimony of a cardiologist about the stress Petitioner suffered also does not show that he is actually innocent.

The Magistrate Judge again concludes Petitioner is not entitled to an evidentiary hearing.

**Objection Two: Speedy Trial**

In his second objection, Petitioner argues the Magistrate Judge has failed to deal with his speedy trial claim. This claim is raised in the Sixth Ground for Relief as a ground which appellate counsel should have raised but did not, thereby giving rise to a claim of ineffective assistance of appellate counsel. The Magistrate Judge found this claim procedurally defaulted because it had never been presented to the state courts and Petitioner no longer had any means to do so since his time for filing an application to reopen the direct appeal to assert ineffective assistance of appellate counsel had long since passed. (Report and Recommendations, Doc. No. 23, PageID 1012-1015).

When a habeas petitioner has defaulted in the presentation of his claims in the state courts, the federal court cannot reach the merits of the claim. Here there is a double default: failure to present the speedy trial claim on appeal and failure to present the claim that failure to appeal the speedy trial ruling was ineffective assistance of appellate counsel. In short, this Court did not deal with the speedy trial claim because it cannot do so.

**Objection Three**

Petitioner's Fourth Ground for Relief for insufficiency of the evidence had been determined by the state Court of Appeals. The Magistrate Judge concluded the state court decision was not an unreasonable application of *Jackson v. Virginia, supra.* (Report and Recommendations, Doc. No. 23, PageID 1018). Petitioner's Objection Three is a conclusory statement that the "trial judge contumaciously adhered to and pedantically ignored the Constitution" (Objections, Doc. No. 27, PageID 1026-1027.) That statement adds nothing to the analysis.

**Objection Four**

Petitioner concedes that the Magistrate Judge was correct in finding no constitutional error in the retroactive application of *State v. Foster*, 109 Ohio St. 3d 1 (2006) (Objections, Doc. No. 27, PageID 1027). He argues however that the facts of this case do not warrant the draconian sentence he received. Because the sentence is so disproportionate, he concludes, Judge Helmick's reasoning was impaired by prejudice.

It is, of course, far too late to raise a claim of judicial bias for the first time in a set of objections in habeas corpus.

## Conclusion

Petitioner's Objections are without merit. His request for an evidentiary hearing should continue to be denied for the reasons given above. His Petition should be dismissed with prejudice. Because reasonable jurists would not disagree, he should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

May 19, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).